IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BALLARD, | : | CIVIL ACTION NO. **1:CV-04-0720** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID IMMEL, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

The Plaintiff, David Ballard, formerly an inmate at the Centre County Prison at Centre County, Pennsylvania, ("CCP")[1] filed this civil rights action, *pro se*, on April 5, 2004, pursuant to 42 U.S.C. § 1983. (Doc. 1). The Plaintiff also filed an *in forma pauperis* application. (Doc. 2).

After the original Complaint was served on the Defendants and the Defendants filed Motions to Dismiss, the Plaintiff requested leave to file an amended complaint, which we granted. (Doc. 24).[2] The Plaintiff, after being granted an extension of time, filed his Amended Complaint on July 26, 2004. (Doc. 32). We then preliminarily screened the Amended Complaint.

We reviewed the allegations of the Amended Complaint and found that six (6) of the eight (8) Defendants named in the Amended Complaint were subject to dismissal pursuant to 28 U.S.C.

---

[1] Plaintiff was an inmate at CCP from February 20, 2002 through April 1, 2002, the relevant time period for this case. (Doc. 32, pp. 4-8). Subsequently, he was transferred to SCI-Dallas, his current place of confinement.

[2] We deemed the Defendants' Motions to Dismiss the original Complaint as moot in light of the allowance of Plaintiff to amend his pleading.

§1915(e)(2)(B)(ii), and the District Court adopted our recommendation. (Doc. 46). Remaining Defendants Immel and Riglin filed their Answer to the Amended Complaint, asserting the statute of limitations as an affirmative defense. (Doc. 47).

The remaining Defendants are: David Immel, acting Warden at CCP; and Charles Riglin, Deputy Warden at CCP. (Doc. 32 at pp. 2-3). The Plaintiff seeks compensatory and punitive damages as well as injunctive relief. (Doc. 1, pp. 8, 9-10).

The time allotted for discovery has now passed, and remaining Defendants jointly filed a Motion for Summary Judgment claiming that Plaintiff's action is time-barred. **(Doc. 66).** Defendants' Motion has been briefed and is now ripe. (Docs. 67, 68, 72-74).[3]

## II. Summary Judgment Standard.

The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "`genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions,

---

[3]Defendants did not file a reply brief.

answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

### III. Discussion.

The Plaintiff alleges that upon his arrival at CCP, Defendants Immel and Riglin placed him in the main housing unit in general population knowing of his "susceptibility to physical attack." (Doc. 32, p. 4, ¶ 18). Plaintiff states that the two Defendants recklessly disregarded his safety by placing him in the general population, since he was only one of two African American inmates "in a predominately white population infused with a racist doctorine (sic) and 'aryan' gang members" and by showing deliberate indifference to the "special relationship" which he had with the federal prosecutor. (*Id*. at ¶'s 19-20). Plaintiff claims that Defendants Immel and Riglin changed the prison policy and allowed a state inmate to be housed with county inmates. (*Id*. at ¶'s 21-23). The Plaintiff then avers that on April 1, 2002, with only one guard on duty in the main housing unit, he was assaulted by the state prisoner who was improperly placed in general population. (*Id*. at p. 6,

¶ 31).[4]

The Plaintiff states that the CCP Defendants were "grossly negligent" with respect to the attack on him by the state inmate for various reasons, including his prior attack in the prison and the failure to assign sufficient guards in the main housing unit. (*Id*. at pp. 7-8, ¶'s 32-33). The Plaintiff also alleges that the Defendants' conduct subjected him to cruel and unusual punishment in violation of the Eighth Amendment.

Since the only pertinent material fact with respect to the Defendants' Motion is the date of filing of Plaintiff's action with this Court, we shall not reiterate the undisputed facts herein. (See Docs. 67 & 74). Further, we take judicial notice that Plaintiff actually filed his Complaint with this Court on April 5, 2004. (Doc. 1). While Plaintiff denies that the basis of his Eighth Amendment claim is the April 1, 2002 assault on him by inmate Buchanon, we agree with Defendants that this is the operative date since Plaintiff, in his own pleadings, admitted this, as mentioned above. (Doc. 67, ¶ 4. & Doc. 74, ¶ 4.). Plaintiff also admits that the underlying event, *i.e* the April 1, 2002 assault, was a specific occurrence of which he had knowledge when it occurred. (*Id*., ¶'s 5.). Plaintiff admits that his remaining claim against Defendants Immel and Riglin is based on the Eighth Amendment due to their alleged failure to protect him from the alleged April 1, 2002 assault on him. (*Id*., ¶'s 7.).[5]

---

[4]Since only Defendants Immel and Riglin remain in this case, we shall not discuss Plaintiff's allegations against the other former Defendants.

[5]Plaintiff also alleged that Defendants were grossly negligent in allowing a state prisoner (Buchanon) to be housed in general population with a county prisoner (Plaintiff), and in not foreseeing that Plaintiff would be attacked since he was susceptible to it and had been attacked before at CCP. (Doc. 32, pp. 6-7, ¶ 32).

*1. Statute of Limitations*

Defendants base their present Motion solely on their claim that the applicable two-year statute of limitations expired before Plaintiff filed this action. Defendants state that the undisputed facts reveal that Plaintiff's alleged assault by inmate James Buchanon occurred on April 1, 2002, and that Plaintiff did not file this action with this Court until April 5, 2004. Thus, Defendants conclude that Plaintiff's action is time-barred. Defendants contend that Plaintiff's claims against them are time-barred by the two-year statute of limitations since Plaintiff's Eighth Amendment claim against them arose on April 1, 2002, that Plaintiff knew of his claim on this date, and that he did not file this action until April 5, 2004. (Doc. 1). Defendants correctly state (Doc. 68, p. 4) that the law is clear that Section 1983 claims are subject to a two-year statute of limitations. *See Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985).

In his opposition Brief, Plaintiff argues that under the prison mailbox rule he should be deemed as having filed this action on March 31, 2004. (Doc. 73, p. 1). March 31, 2004 is the date that Plaintiff has shown *via* his evidence that he submitted a Cash Slip to the prison staff to deduct the postage cost from his prison account for mailing "legal mail to The United States District Court" M.D. Pa. Plaintiff also submits as evidence a copy *of* his inmate account statement showing that postage in the amount of $6.03 was deducted from his account on April 2, 2004 and that this postage amount corresponds to the amount on his March 31, 2004 Cash Slip regarding his legal

mail to this Court. (Doc. 73, Ex. 1 & Ex. 2). Plaintiff concludes that his evidence shows that he must have given his present Complaint to the prison mail room before April 2, 2004. (Doc. 73, p. 1). Plaintiff then states that, under the prison mailbox rule, legal documents of prisoners are deemed filed when they are mailed. (*Id*., p. 2). Plaintiff recognizes that the rule requires the inmate to submit some evidence showing the date that he deposited the legal document with the prison staff, and contends that the mentioned evidence satisfies this requirement. (*Id*.).

Defendants, while not filing a reply brief, anticipated in their main Brief that Plaintiff may indeed contend that the mailbox rule saves his action from being time-barred, and they argue that this rule should not be applied in the instant case for various reasons. (Doc. 68, pp. 6-7). We do not find any of Defendants' reasons to be convincing.

Recently, this Court discussed the prison mailbox rule in two cases. In *Foster v. Morris*, 2005 WL 2334954 (M.D. Pa.) *3, this Court stated:

> In *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the United States Supreme Court established that a prisoner's complaint is deemed filed at the time it was given to prison officials for mailing to the Court. This "mailbox rule" resulted from the Court's concern that prisoners had no choice but to rely upon prison authorities for the filing of their legal papers. The Court in *Houston* also noted that if a question regarding timeliness of a filing date arises, a prisoner would not likely be able to establish that prison staff were responsible for any delays in the filing of such papers. *See id.* at 271.

In *Foster*, this Court indicated that inmate Foster's complaint was not filed when it was received by the Clerk of Court and file-stamped; rather, it was deemed filed when Foster signed and dated his complaint, three days before the filing date. We find in the present case, based on

6

*Houston* and *Foster*, that Plaintiff Ballard's Complaint should be deemed filed as of March 31, 2004, the date that he has proven that he gave it to prison staff for mailing to this Court. In fact, Plaintiff's original Complaint was signed and dated March 23, 2004. (Doc. 1, p. 3).

This Court also recognized in *Gonzalez v. Nash*, 2005 WL 2335125 * 4 (M.D. Pa.), that an inmate's complaint was deemed filed when he signed it. Therefore, in light of *Foster* and *Gonzalez*, we disagree with Defendants that the mailbox rule is inapplicable to Plaintiff's case. (Doc. 66, p. 3, ¶ 6.). Nor do we find Defendants' cited 1944 *Jackson* case (Doc. 68, p. 6) to be persuasive based on the very recent cases of this Court, *Foster* and *Gonzalez*.

There is no real dispute that Plaintiff's cause of action regarding his remaining Eighth Amendment claim against Defendants Immel and Riglin arose on April 1 2002, when he was allegedly assaulted by inmate Buchanon. (Doc. 1, p. 2). This is the date when the facts which support Plaintiff's Eighth Amendment claim reasonably should have become known to him. *Id*. Since we deem Plaintiff as filing this action on March 31, 2004, it is not time-barred. Thus, we shall recommend that Defendants' Summary Judgment Motion be denied.[6]

We previously construed the Plaintiff's claims against the remaining supervisory Defendants, Immel and Riglin, to be that they violated his Eighth Amendment rights by failing to protect him from the assault by another prisoner. We found that the Plaintiff had sufficiently stated an Eighth Amendment claim against these two Defendants and had sufficiently stated their personal involvement in this claim. *See Riley v. Jeffes*, 777 F. 2d 143 (3d Cir. 1985); *Whitley v. Albers*, 475

---

[6]Since the discovery and dispositive motion deadlines have lapsed, and the parties have not consented to proceed before us, we shall not recommend the remand of this case to the undersigned. (Doc. 62).

U.S. 312 (1986); *Washington v. District of Columbia*, 802 F. 2d 1478, 1481-82 (D.C. Cir. 1986) (state is not required to insure an assault-free prisons environment, but a prisoner has a constitutional right to be protected from the unreasonable threat of violence form his fellow inmates); *Mabind v. Vaughn*, 25 F. Supp. 2d 587 (E.D. Pa. 1998); *Patterson v. Walrath*, 1994 WL 328353 (E. D. Pa). Plaintiff has claimed that Defendants Immel and Riglin acted with deliberate indifference to their duty to protect him from unreasonable risk of assault by another inmate (state inmate Buchanon) on April 1, 2002.

We shall therefore recommend that this case proceed to trial with respect to the Eighth Amendment failure to protect claim against Defendants Immel and Riglin.

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended that the Motion for Summary Judgment of Defendants Immel and Riglin (Doc. 66) be denied. It is also recommended that this case proceed to trial with respect to Plaintiff's Eighth Amendment failure to protect claim against Defendants Immel and Riglin. Further, it is not recommended that this action be remanded to the undersigned for further proceedings as to the Eighth Amendment failure to protect claim against Defendants Immel and Riglin.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: December 20, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BALLARD, | : | CIVIL ACTION NO. **1:CV-04-0720** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID IMMEL, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 20, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                           s/ **Thomas M. Blewitt**
                                                                            **THOMAS M. BLEWITT**
                                                                            **United States Magistrate Judge**

**Dated: December 20, 2005**