IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID BALLARD,** | : | CIVIL ACTION NO. 1:04-CV-0720 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DAVID IMMEL, et al.,** | : | |
| Defendants | : | |

### ORDER

AND NOW, this 2nd day of July, 2007, upon consideration of defendant's motion in limine (Doc. 112) to prohibit plaintiff from offering lay opinion testimony regarding his: (1) present and future physical impairments, and (2) past, present, and future psychological impairments, and the court finding that plaintiff may offer lay opinion testimony regarding his past and present physical and psychological symptoms, see FED. R. EVID. 701 (permitting lay witnesses to offer testimony that is "rationally based on the perception of the witness"), but that plaintiff may not offer lay opinion testimony regarding the permanent nature and/or medical diagnoses of those physical and psychological symptoms, see id. (prohibiting lay witnesses from offering opinions "based on scientific, technical, or other specialized knowledge"), and that plaintiff bears the burden to prove the amount of "damages that flowed from [his] alleged injury," Rochez Bros., Inc. v. Rhoades, 527 F.2d 891, 894 (3d Cir. 1975), but that the question of whether plaintiff has met such burden is more appropriately reserved for trial, it is hereby ORDERED that the motion in limine (Doc. 112) is GRANTED in part and DENIED in part as follows:

1. Absent testimony from a medical expert, plaintiff is precluded from offering lay opinion testimony regarding:

    a. The permanent nature of his physical and psychological symptoms, and

    b. The medical diagnoses of his physical and psychological symptoms (e.g., post traumatic stress disorder).  See FED. R. EVID. 701.

2. The motion in limine (Doc. 112) is otherwise DENIED.

3. The court's ruling is made without prejudice to defendants' rights to move for judgment as a matter of law on certain categories of damages.[1]  See FED. R. CIV. P. 50.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1]  The categories of damages available for civil rights claims pursuant to 42 U.S.C. § 1983 are delineated in Rule 4.8.1 of the Third Circuit Model Civil Jury Instructions.  See THIRD CIRCUIT MODEL JURY INSTRUCTIONS R. 4.8.1 (2006), available at http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.